IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARBARA WILLIAMS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   No. 3:15-CV-3309-D (BF)<br>) |
| RAUL MACIAS,<br>    Defendant. | )<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**I.  Factual Background**

Plaintiff filed this action for recovery of damages related to a car accident.  She is proceeding *pro se*, and the Court has granted her leave to proceed *in forma pauperis*.

Plaintiff cites Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, as the basis for federal court jurisdiction.  She seeks money damages.

**II.  Screening**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"  Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

### III.  Discussion

Plaintiff cites Title VII and § 216 of the FLSA as the basis for federal jurisdiction. Section 216 of the FLSA pertains to employment overtime, minimum wage and record-keeping requirements.  Title VII also pertains to employment relationships.  Plaintiff, however, does not allege any employment relationship between her and the Defendant.  Instead, she attaches police reports where she alleges she was in her car when Defendant attempted to move his car into a parking space, and that Defendant's car hit her car causing damage to her car.  Plaintiff's allegations fail to state a claim under Title VII or the FLSA.

Further, Plaintiff has failed to establish diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff lists her address and Defendant's address as Dallas, Texas.  Plaintiff therefore does not allege the diversity of citizenship necessary to proceed under § 1332.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."). Plaintiff's complaint should be dismissed.

### IV.  Recommendation

The Court recommends that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Signed this 20th day of   October, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).